# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:13 mj 14

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| STEPHEN WAYNE KNEECE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE came on to be heard and being heard before the undersigned upon a Violation Report (#9) filed in the above entitled cause on August 29, 2013 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that Defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared Defendant was present with his counsel, Meghann Burke, and the Government was present through Assistant United States Attorney, Richard Edwards, and from the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through his attorney, admitted the allegations contained in the Violation Report. The

1

Government introduced, without objection, the Violation Report into evidence. Testimony was then presented upon cross-examination by the Defendant of Robert Ferguson, United States Probation Officer.

Defendant was charged in a bill of information filed on August 13, 2013 with assaulting, by striking, beating or wounding a victim in violation of 18U.S.C. § 113(a)(4) and 1152. Defendant was also charged with breaking and entering into a building in violation of N.C.G.S. 14-54(b) and 18 U.S.C. § 13 and 1152. Both of these charges are misdemeanors. A hearing was held in regard to the detention of Defendant on August 15, 2013. On that date, the undersigned an order releasing Defendant on a $25,000 unsecured bond. The undersigned further set terms of release which included the following:

> (8)(j) Defendant shall avoid contact, directly or indirectly, with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: co-defendants, Jennifer Lambert.

In statements secured by United States Probation Officer Robert Ferguson, Officer Ferguson determined that shortly after the hearing concerning the release of Defendant, Defendant had spoken on the telephone to Jennifer Lambert to let her know what had happened in court. Defendant also spoke to Ms. Lambert again

in a telephone call while he was at his home. Defendant had been instructed by the Court not to have any contact whatsoever with Ms. Lambert and if he received any communication from her, he was to immediately advise his probation officer. Defendant did not advise Officer Ferguson of these contacts. Officer Ferguson found out about them as a result of an anonymous call. Officer Ferguson then confronted Defendant with the information provided by the anonymous caller and Defendant admitted he had talked on two occasions to Ms. Lambert on the telephone.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2) finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a

danger to the safety of any other person or the community.

Based upon the evidence, the undersigned finds by clear and convincing evidence that Defendant violated the condition of release that required that he not have any contact, direct or indirect, with Ms. Lambert. Defendant has admitted that he did so in contravention of the instructions of this Court. Officer Ferguson was advised of Defendant's violation of the condition as the result of an anonymous call. When confronted by Officer Ferguson, Defendant admitted he had violated the terms and conditions of pretrial release.

Based upon the findings made above, the undersigned finds that Defendant is unlikely to abide by any condition or combination of conditions of release. Defendant was instructed specifically by this Court not to have any contact with Ms. Lambert at the detention hearing. This Court specifically recalls Defendant agreeing with the Court that he would not have any contact with Ms. Lambert and it now apparent that Defendant has violated that term and condition. As a result, it is the opinion of the undersigned, that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the

terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

## ORDER

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: September 13, 2013

Dennis L. Howell
United States Magistrate Judge